**ORIGINAL**

REISSUED FOR PUBLICATION
AUG 10 2017
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

FILED
JUL 11 2017
OSM
U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| WILLIAM BRANSON, | * | |
| | * | No. 17-131V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed: July 11, 2017 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Pneumovax 23 vaccine |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * *

William Branson, Hudson, WY, pro se;
Heather L. Pearlman, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

William Branson filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 through 34 (2012), on January 30, 2017. His petition alleged that he suffered an adverse reaction, including fever and swelling of his arm, resulting from his receipt of the Pneumovax 23 vaccine on November 18, 2014. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## I. Procedural History

An initial status conference was held on March 1, 2017. During this conference, the undersigned explained that eligibility for compensation in the Vaccine Program was contingent on receiving a vaccine listed in the Vaccine Injury Table. 42 U.S.C. § 300aa–11(c)(1)(A). Mr. Branson stated that he received the Pneumovax 23 vaccine, a vaccine not listed in the table. See 42 C.F.R. § 100.3.

The Secretary filed a motion to dismiss on March 6, 2017, explaining his position that Mr. Branson is not eligible to receive compensation. Mr. Branson was given 30 days to submit his response.

Mr. Branson subsequently filed a motion for extension of time on March 29, 2017, to allow him time to find an attorney. The undersigned granted the request but cautioned Mr. Branson not to expect additional time beyond May 29, 2017, to respond to the Secretary's motion to dismiss. See order, issued Mar. 30, 2017.

Mr. Branson did not file a response to the motion to dismiss. Instead, Mr. Branson moved for another extension of time, requesting one year, to find an attorney. See Pet'r's Mot. For Ext. of Time, filed Mar. 29, 2017. Because Mr. Branson failed to respond to the Secretary's motion to dismiss and observe the undersigned's warning regarding additional time, this matter is now ripe for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), Mr. Branson must demonstrate that he received a vaccine set forth in the Vaccine Injury Table." 42 U.S.C. § 300aa-11 (c)(1)(A).

Two types of pneumococcal vaccines are used to vaccinate against pneumococcus — pneumococcal conjugate vaccine and polysaccharide vaccine. The polysaccharide vaccine is distributed under the brand name Pneumovax. Only the former, the pneumococcal conjugate vaccine, is covered under the Vaccine Act. See National Vaccine Injury Compensation Program: Addition of Pneumococcal Conjugate Vaccines to the Vaccine Injury Table, 66 Fed. Reg. 28166 (May 22, 2001) ("Through this notice, pneumococcal conjugate vaccines are now included as covered vaccines under Category XIII of the Table. Because

the CDC only recommended pneumococcal conjugate vaccines to the Secretary for routine administration to children, polysaccharide-type pneumococcal vaccines are not covered under the VICP or included on the Table.").

In this case, Mr. Branson's records indicate that he received a Pneumovax 23 vaccination, which is a polysaccharide vaccine. See exhibit 1 at 1.[2] As such, Mr. Branson is unable to show that he "received a vaccine set forth in the Vaccine Injury Table." 42 U.S.C. § 300aa-11(c)(1)(A).

Thus, Mr. Branson cannot receive compensation on a claim based on the Pneumovax 23 vaccine through the Vaccine Program and the petition must be dismissed. See e.g., Cielencki v. Sec'y Health & Human Servs., No. 15-632V. 2015 WL10767150, at *3 (Fed. Cl. Spec. Mstr. Dec. 22, 2015) (dismissing petition that involves Pneumovax vaccine); Bundy v. Sec'y Health & Human Servs., No. 12-769V, 2014 WL 348852, at *1 (Fed. Cl. Spec. Mstr. Jan. 8, 2014) (same); Nutt v. Sec'y Health & Human Servs., No. 10-862V, 2011 WL 976675 (Fed. Cl. Spec. Mstr. Feb. 23, 2011) (same); Morrison v. Sec'y Health & Human Servs., No. 04-1683, 2005 WL 2008245 (Fed. Cl. Spec. Mstr. July 26, 2005) (same).

Accordingly, it is clear from the record in this case that Mr. Branson has failed to demonstrate that he received a vaccine covered under the Vaccine Program. The Pneumovax 23 vaccine that Mr. Branson has alleged to have caused his injury is not covered under the Vaccine Program. Granting Mr. Branson additional time will not alter this fact. **Thus, this case is dismissed for failing to state a claim upon which relief can be granted. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

*Christian J. Moran*
Christian J. Moran
Special Master

---

[2] Mr. Branson filed this document along with his petition, but did not designate it as an exhibit. The undersigned refers to it as exhibit 1 for the purposes of this decision.